IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,932-03






EX PARTE WILLIE JOE MCADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 967450 IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


 Alcala, J., not participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to forty years' imprisonment. The First Court of Appeals affirmed his
conviction. McAdams v. State, No. 01-04-00204-CR (Tex. App.-Houston [1st Dist.] Oct. 7, 2004,
no pet.).

 Applicant contends that trial counsel rendered ineffective assistance because, among other
things, they advised him to plead true to state jail felonies alleged as punishment enhancements and
did not request instructions on voluntariness and deadly conduct. Tex. Pen. Code §§ 6.01(a), 22.05. 
The trial court made findings of fact and conclusions of law and recommended that we dismiss this
application as subsequent. Tex. Code Crim. Proc. art. 11.07, § 4. The -01 application, however,
was dismissed and was not a "final disposition" for purposes of § 4. Ex parte Torres, 943 S.W.2d
469, 474 (Tex. Crim. App. 1997) (holding that a "'final disposition' of an initial writ must entail a
disposition relating to the merits of all the claims raised").

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether trial
counsel were deficient for not requesting instructions on voluntariness and deadly conduct and, if
so, whether Applicant was prejudiced. The trial court shall then make findings and conclusions as
to whether the convictions alleged in the indictment were available as punishment enhancements,
whether Applicant has other felonies that could have enhanced his punishment, and whether counsel
rendered ineffective assistance by advising Applicant to plead true to the enhancements. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish